LAW OFFICES OF JEFFREY F. SAX
Jeffrey F. Sax (SBN: 109902)
660 South Figueroa Street, 24th Floor
Los Angeles, CA 90017
Telephone: (213) 623-5700
Facsimile: (213) 623-5900

Attorneys for Defendant
AZ/CFS West, Inc. erroneously also named as
AZ West, Inc. on special appearance

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| SCHENKER, INC., <br><br> Plaintiffs <br><br> vs. <br><br> AZ WEST, INC. and AZ/CFS WEST, INC., <br><br> Defendants. | Case No: C07-2496 CRB <br><br> EX PARTE REQUEST VIA STIPULATION TO ASSIGN MAGISTRATE TO CONDUCT AN EARLY SETTLEMENT CONFERENCE <br> (ON JANUARY 25, 2008) <br><br> DATE: January 14, 2008 <br> TIME: None <br> CTRM: 8 |

Plaintiff Schenker, Inc., by and through its counsel, Law Offices of George W. Nowell, by John H. Cigavic III, and Defendant AZ/CFS West, Inc. erroneously named as AZ West, Inc., by and through its counsel, Law Offices of Jeffrey F. Sax, by Jeffrey F. Sax upon special appearance, stipulate as follows:

1

Facts

A. The parties previously entered into a Stipulation to continue the initial case management conference for purposes of conducting an early settlement. That stipulation recited the following facts:

1. The base amount in dispute in this case is less than $20,000.
2. Defendant has been served with the summons and complaint but has not yet filed a responsive pleading to the complaint.
3. Defendant believes that this action was filed in the improper venue because Defendant is located in Los Angeles, the transaction in issue took place in Los Angeles, and all of the material witnesses reside in Los Angeles or Illinois. Plaintiff contends that San Francisco is a proper venue.
4. Since the time that Defendant has been served, the parties have been discussing an informal resolution of the matter. Initially, Defendant tendered the matter to its insurer. Coverage was recently denied.
5. Thereafter, counsel for the parties (Cigavic and Sax) have exchanged information and attempted to resolve the matter without resort to litigation activity. The parties have reached an impasse.
6. The parties believe that given the amount in issue, an early mediation would be appropriate. Defendant does not wish to waive the right to file a motion to change venue and Plaintiff agrees to allow Defendant preserve that right, but does not concede that venue is improper in this Court.
7. The parties desire to schedule and complete the mediation within 90 days. The parties would agree to the Magistrate assigned to the case to conduct the mediation in San Francisco.

8. In order to avoid expenditure of fees and costs connected with litigation activity, the parties respectfully request that the initial status conference be continued for 90 days to allow the mediation to occur. Defendants' counsel is not available during the first week of January. Plaintiff's counsel is not available during Thanksgiving week.

9. Other than the named Plaintiff and Defendants, there are no other parties to this action.

B. Based upon the above facts, the Court continued the case management conference to February 1, 2008.

C. Due in part to the year end holidays and Plaintiff's counsel involvement in legal proceedings arising from the disastrous oil spill in the San Francisco Bay, the parties were unable to conduct the mediation/settlement conference in December 2007.

D. Defendant's counsel is in Los Angeles. Defendant's principal decision maker is based in Chicago. The parties agreed to conduct the mediation in San Francisco. Defendants are able to travel to San Francisco on January 25, 2008 for the early mediation/settlement conference.

E. Given the amount in issue, the parties do not want to bear the cost of a private mediator.

Stipulation

A. Based upon the above facts, the parties, through their respective counsel, stipulate and request this court to order that the action be assigned to an available Magistrate Judge to conduct an early settlement conference and/or mediation on January 25, 2008.

B. Nothing in this stipulation shall operate as a waiver of Defendant's right to file a motion to change venue or Plaintiff's right to oppose the motion in the event that the early settlement conference/mediation does not result in settlement.

C. Defendant's responsive pleading to the complaint shall be filed and served no later than ten days prior to the continued initial status conference.

1  Dated: January 14, 2008            LAW OFFICES OF JEFFREY F. SAX

                                      By: _____
                                          Jeffrey F. Sax, Attorneys for Plaintiff

6  Dated: January 14, 2007            LAW OFFICES OF GEORGE W. NOWELL
           2008

                                      By: _____
                                          John H. Cigavic III, Attorneys for
                                          Plaintiff

## ORDER

FOR GOOD CAUSE SHOWN,

IT IS HEREBY ORDERED that:

A.    The action is assigned to Magistrate Judge _____ who shall conduct an early settlement conference on January 25, 2008.

B.    _____.

Dated: January \_\_, 2008

_____
Hon. Charles R. Breyer
United States District Court Judge

---

5

EX PARTE REQUEST VIA STIPULATION TO ASSIGN MAGISTRATE TO CONDUCT AN EARLY SETTLEMENT CONFERENCE (ON JANUARY 25, 2008)